## HAMILTON (city) v HAFERKAMP

Ohio Appeals, 1st Dist, Butler Co

No 665. Decided Nov 7, 1935

Milliken Shotts, Hamilton, and Fred A. Reister, Hamilton, for plaintiff in error.

Harry J. Koehler, Jr., Hamilton, for defendant in error.

## OPINION

By ROSS, PJ.

An examination of the photograph also confirms such conclusions. There was, therefore, some evidence of notice to go to the jury, and the court properly refused to instruct a verdict for defendant. Special and general charges protected the defendant as to notice.

The court refused the following special charge:

"The plaintiff cannot hold the city liable for injuries received through an alleged dangerous condition of the cross walk if such alleged dangerous condition was obvious and apparent and if there was nothing to prevent her from seeing such alleged dangerous condition, or which would excuse her failure to observe it."

This charge, in effect, states that if the plaintiff was negligent, she cannot recover. This is not the law as has been repeatedly pointed out before. The correct rule is that if the jury find certain facts constituted negligence on the part of plaintiff and that that negligence caused or contributed to the injuries complained of, the plaintiff cannot recover. The special charge under consideration completely eliminates any consideration of the causal connection between any neglect upon the part of the plaintiff and the injuries received.

This court said in considering the same point as to negligence of the defendant in the case of **Flamm v Coney Island Co., 49 Oh Ap, 122, p. 125:**

"The question presented is, was there any evidence directly addressed to proof of the causal connection between the negligence claimed to exist and the injuries suffered by plaintiff in error? As we have recently said the mere co-existence of negligence and injury is not sufficient to establish a causal connection between them. **Watrik v Miller, Admr., ante—; 29 Ohio Jurisprudence, 654; Sobolovitz v Lubric Oil Co., 107 Oh St., 204, 140 NE, 634."**

The same rule applies to negligence of plaintiff. The charge is in addition argumentative and misleading.

We find no error, prejudicial to the plaintiff in error and, therefore, affirm the judgment.

MATTHEWS and HAMILTON, JJ, concur.